Good morning, Shereen Charlotte, Federal Defenders, on behalf of Rosa Lopez. In this case, the District Court erred in denying habeas relief on grounds that are waivable and were waived by the respondent government. In fact, this Court should reach the merits of her claims because they present purely legal issues, and this Court is in the equivalent position as the District Court to address them. In terms of the government's arguments which were waived, their first position is that this existence of a collateral attack waiver in the plea agreement, even though they never asserted it, presents some sort of jurisdictional bar. And if the Court were so inclined, the Court could actually clear up some of the loose language that's been used by courts with regard to this particular waiver.  SOTOMAYOR Well, Counsel, I think that I agree with you that the government has waived some arguments, but my problem with your position is that this program was terminated by the Bureau of Prisons. So what possible relief could there be for your client? CHARLOTTE Well, actually, I do think that the Court has the authority to direct the Bureau of Prisons to re-institute the program because Congress has requested that that program be authorized, enabled, activated by the Bureau of Prisons and individuals placed within it. REED Ostensibly, this is just a question of money, whether they're going to allocate their money to try to reverse that. I think that's … CHARLOTTE Well, yes. Actually, I do think that you can because Congress did indeed indicate that it wanted the program to exist. And, indeed, this is not similar to Lincoln v. Mitchell. REED They probably wanted a lot of programs to exist, but the only appropriate enough money to cover some of them, not all of them. have statutes that discuss their existence and state that the Bureau of Prisons is supposed to place eligible individuals into this program. The statute itself presumes the very existence of the program and doesn't give the Bureau of Prisons the authority to terminate it unilaterally, especially absent any notice and comment and public participation in the process. And I recognize that's a different issue. But in terms of a sentencing benefit, if you weren't so inclined to declare the Bureau of Prisons' actions unlawful and reinstitute the program, which I would like to see done, if you're not willing to do that, she certainly can get a sentencing benefit in terms of a sentence immediately to go into a community confinement to spend the remainder of her time. She's still at FCI Victorville to this day. I checked yesterday. She could go into home confinement, which is what would have happened if she was admitted or able to participate in the program before it had been unlawfully terminated. She could have a reduced term of supervised release. There are a number of equivalent sentencing benefits that she's entitled to, even if the Court was not inclined to agree with my position regarding the unlawful nature in contravention of the statute of the BOP's actions. And I'm not certain if I've answered your question, Your Honor. Well, are you suggesting that we would have to remand this for resentencing? Yes. And the reasons for that would be, were the Court to rule on several of the other grounds, including the retroactive impermissible application of this new rule to her after she'd already entered a guilty plea, been sentenced, received the strong judicial recommendation for participation in the boot camp. And the Court's cases are very clear, and the Supreme Court's cases, that someone, a criminal defendant, relies upon the settled state of the law at the time they enter their guilty plea. Well, the settled state of the law is one thing, but the settled state of programs administered by another branch of government is different. Well, actually, in several of the cases, including the cases involving the community confinement center, the courts have found, and these courts are the Acaboni and Monaghan v. Wynn and Ferguson v. Ashcroft, that these, because the Bureau of Prisons issued program statements, they indeed acted in terms of making a law, that they were ruling it in. If we accept your argument, then every program that is sort of ratcheted forward for the future, whether or not Congress wants to fund it, whether or not the Bureau of Prisons wants to continue it, there's no such thing as terminating or altering or going back to some other program. That's a pretty drastic holding that you're asking us to make. Well, actually, no. I'm not asking the Court to deviate from any of the holdings that the Court hasn't already made in terms of the drug treatment programs, that because the Bureau of Prisons in those cases, and I'm talking about the Bowen v. Hood, Court v. Crabtree, Paulson v. Daniels, in those cases, there were program statements that defined eligible individuals, and those program statements were held to create settled expectations that individuals indeed, they were impermissibly retroactively applied to these people. I'm not asking for something, any extension of a doctrine that does not already exist. And also, the Bureau of Prisons has an easy way to do this fairly and properly. The Administrative Procedure Act has notice and comment provisions. They exist for a reason, to provide fair notice, to have public participation. That did not occur here. Counsel, let me ask this. Let's just hypothesize that the program continued, the judge recommended it, the individual is turned over to the Bureau of Prisons, and they look at her characteristics and decide not to place her there. Now, we certainly couldn't fault that. Is that correct? Had that been the case, that is correct. She could have disputed that internally, but that wasn't the case in any event here. Well, I understand that, but it certainly is not up to, the judge does not have the authority to finally determine what kind of placement an individual gets. So, she really couldn't have had a complete expectation that she was going to go into this kind of a program. But under the court's cases regarding retroactivity, no one is required to have a complete and total assurance that they're going into the program. Weaver v. Graham and Lentz v. Nathus said that all you need is to have the ability to apply for that particular sentencing benefit. There is no need that it be a vested right at all. And the elimination, the Supreme Court in a Carty explicitly addressed the elimination of discretion on the part of the agency is an injury that a person suffers. She had the expectation that the Bureau of Prisons was going to exercise discretion as the statute says that they should to put her in. She hadn't even been found to be eligible for the program, though. Well, actually, she was found to be eligible for the program, and the excerpt of record sites that are included are supplemental excerpt of record 36, where her counsel, after speaking with the Bureau of Prisons official, informs the court that Ms. Lopez has been designated to boot camp, that he spoke to the designating officer this morning, Dan McCarthy, and she has been designated to get boot camp. Unfortunately, the next boot camp is full, so she can't get in. At supplemental excerpt of record 38, Dan McCarthy said to her trial counsel, quote, he calculated her credits and they showed her eligible to go straight in. In addition, at supplemental excerpt of record 39, pretrial services, the court, and the Bureau of Prisons all seem to believe that she could go right in because of the taking off of the 15 percent good time credit and her service of the two months. The court gives a warning that, well, he's not sure, but it certainly appears, and she went to SCI Bryan, the place for the camp. There was no need for her to be redesignated. So it does appear that she suffered an actual injury sufficient to give her standing, and it was impermissibly retroactively applied to her under the court's case laws that exist. I'd like to save my remaining time for rebuttal. You certainly may do that. We'll hear next from the government. Good morning, Your Honors. May it please the Court, my name is Mary Fann, and I'm representing the United States in this case. What this case comes down to is whether a district court can correctly apply the law and assess jurisdiction regardless of the party's omissions. The answer is clearly yes. This court has repeatedly held that district courts have an independent duty to assess jurisdiction. The district court is not bound or forced to take a case, to adjudicate in error. The district court did its duty here correctly and conscientiously, and that decision should be affirmed. We don't have to go beyond the district court's first ground, and that is that this suit is precluded by the double jurisdictional defect of filing in the wrong district against the wrong respondent. Now, under basic and well-settled rules for habeas petitions, the habeas petition must be filed. Counsel, did you not waive this argument? Yes, Your Honor. The government did forfeit it by not raising it below. Yes, so why are we even talking about it? Because, Your Honor, Hernandez v. Campbell and other cases show that a district court is not forced by the party's omission to adjudicate in error, to ignore a jurisdictional defect. The fundamental difference... You're claiming it's a jurisdictional defect. Is that right? I'm sorry? You're claiming that it's a jurisdictional defect. Is it unwaivable on that basis? It can be forfeited by failure to raise at the appropriate time. The media custodian... It's jurisdictional. It can't be forfeited either, I don't believe. There are different species of jurisdictional defects. There's subject matter jurisdiction. There's this kind of rule, which is more akin to personal jurisdiction or venue, which perhaps... It ordinarily can be waived, can't it? Venue can be waived. It can be waived, but the distinction here is that the district court is not bound by the party's omission to adjudicate a case with a jurisdictional defect. In fact, just... Take it up anyway, even though the government didn't ask them to? It is a species of jurisdiction. And in fact, this... Federal courts have an independent duty to assess jurisdiction and not just subject matter jurisdiction. For example, courts of appeals often dismiss cases... What you're saying would apply to subject matter jurisdiction, but I don't see why it applies to this situation. Do you have to win on this issue to win this case? Absolutely not, Your Honor. There's four other... There are four other threshold bars, and I can go into them, but I'm also happy to address the merits and how on the merits the claims cannot stand. However, I would note that the district court in this case didn't get a chance to address the issue on the merits, so it shouldn't be addressed here on appeal. It should be, if anything, addressed by the district court in the first instance. But again, there are four other superclusive jurisdiction, superclusive defects. Are you telling us to remand it so that the district court can rule on the merits? No, Your Honor. There are four other superclusive defects that render the district court's dismissal of this case correct. I'm saying if the court wants to proceed to the merits... If the court, for some reason, doesn't find those jurisdictional defects compelling or find them waived, then wouldn't the proper thing is not to reach the merits, but to remand them. However, the merits should not be reached. I want to be very clear. The merits should not be reached because of the dual jurisdictional defects. So the district court noted that the case was filed in the wrong district against the wrong party. There's also a standing defect. There's a failure to exhaust administrative remedies. The government really kind of blew this case at the district court level, didn't they, by not raising the right issues? Your Honor, I will be frank. There are two very important issues that the government should have raised below. The waiver of collateral TAC is a very important issue that should have been raised below. The jurisdictional defects with regard to where it was filed should have been raised below. However, in this case, the district court was more conscientious than the parties and noted it and cannot be faulted for doing its job correctly and seeing the defects that perhaps the government didn't raise. And that's the basic point. As to ‑‑ I'm happy to address the waiver of collateral TAC as well. The district court ‑‑ You talked about the standing question that was discussed with opposing counsel. Absolutely. It's very important to note that in this case, the petitioner's sentence is more than 30 months. That's very important because at the time that boot camp was canceled in January 2005, it is undisputed that as a matter of law, she did not meet the threshold eligibility requisite to enter boot camp. The threshold eligibility requisite for people who have sentences of more than 30 months is that they are within 24 months of their projected release date. It is undisputed that boot camp ended before she ever met that requirement. This court has held in block that a defendant, a claimant, cannot ‑‑ does not have standing to raise a claim that doesn't belong, a right that doesn't belong to him or her. The cases where, for example, the right does belong to the defendant but it's just a discretionary grant of something, those are an opposite because there the defendants were eligible to apply. Here, at the time of cancellation, the defendant was simply not even eligible. So she doesn't have a concrete interest at stake in this. Moreover, the hypothetical possibility that she might meet all the six other eligibility requisites and enter boot camp and then complete boot camp, which is an extremely rigorous program, and then qualify for some sort of sentence benefit, that's compounding conjecture upon conjecture upon conjecture. That's hypothetical and that's insufficient to support standing. I also wanted to note, there's another very important thing related to the sentence length that should be noted here. Counsel has consistently referred to 18 U.S.C. 4046. That's the only provision Congress has made with regard to boot camp and it only says that the Bureau of Prisons may place prisoners who are serving sentences of less than 30 months in a boot camp program. So there is no congressional enactment that speaks to people in Ms. Lopez's position. Her sentence is over 30 months and there's just simply no statute to violate or to misapply or to be contradictory to. So that's a very fundamental confusion, I think, that needs to be cleared up. As for the collateral attack waiver, this Court has repeatedly ruled that where a waiver is knowing and voluntary and the claims are encompassed by that waiver, then it would overreach the Court's jurisdiction to entertain claims in violation of a waiver. Here, the district court found that the defendant's waiver of collateral attack was knowing and voluntary. Clearly, her 2241 claims is a collateral attack that is precluded by her knowing and voluntary waiver. So even if the government did not raise the waiver below, the district court was within its rights to note that suit. We have a bunch of other cases that are inconsistent with that, don't we, though, that say that the government can waive the waiver in a plea agreement. There is one case that says that the government can expressly waive the waiver, and here's how I would conceptualize it. When a defendant knowingly relinquishes her right to bring an appeal or collateral attack, she relinquishes her right to bring those. It extinguishes her right, and that's why it affects the Court's jurisdiction, because there are no claims. She's relinquished them. There's not ---- Sotomayor, that's different than appellate jurisdiction. That says there are certain claims that can't be brought. It doesn't say the Court lacks jurisdiction. But she has no ---- In a sense, it almost goes to the ---- It's akin to it affects the case or controversy aspect of jurisdiction because she has no live claims. She has no cause of action to bring, so there is no case or controversy. She's relinquished them. And that's why I think you see the wording of jurisdiction in the cases. Now, it's true that this Court has held that the government can expressly ---- You're saying there's no case or controversy if she waives her right to appeal? That's one way to conceptualize it, that it's akin to almost extinguishing a live case or controversy. It's a way to conceptualize it. I mean, I guess a better way to say it is she's relinquished any claims, so there's nothing to adjudicate. She's given up the right to bring those claims. We understand your position and your time has expired. Thank you, Your Honor. Thank you. I believe there is some rebuttal time remaining. A little bit. Yes, a little bit. And I first really quickly want to address the last comment made by counsel in Castillo. This Court absolutely disagreed with her position, said that waivers in plea agreements are contractual. There is not a jurisdictional bar to a waiver in a plea agreement, and it doesn't have anything to do with the case or controversy or extinguishing any right. In terms of standing, my client has always had standing to bring her APA claim, her notice and comment claim, no matter what. Second, the fact that we submitted declarations and transcripts indicating that she indeed was admitted to boot camp means the district court erred under Taylor v. Maddox in resolving this issue in favor of the government. In addition, the very existence of the statute that compels the Bureau of Prisons to exercise discretion gives her standing to ask that it be exercised on her behalf. Counsel said the language was may. Is that correct? The language says the Bureau of Prisons may place in a shock incarceration program. Absolutely correct. That gives them discretion over who they place, how they place, not over the existence of the program. Isn't this a classic case of being committed to the discretion of the agency? Well, yes, but the agency has to exercise discretion within the bounds of its own regulations, program statements, and the things that it promulgates as a matter of rulemaking that people indeed rely upon. Same thing with the asylums and the 212C relief in St. Cyr. The agencies must exercise that discretion, but people have a right to request that the agency exercise discretion, and that's what she did here. Thank you, Counsel. Thank you. The case just argued is submitted.
judges: B. Fletcher, Caudahy , Graber